**POWELL v. N.C. DEPT. OF TRANSPORTATION**

[124 N.C. App. 542 (1996)]

BETSY JOHNSON POWELL, Petitioner v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Respondent

No. COA95-1320

(Filed 19 November 1996)

**1. Public Officers and Employees § 42 (NCI4th)— policymaking exempt position—Highway Beautification Director— not a division of DOT**

The State Personnel Commission erred in an action arising from the designation of petitioner's job as Director of the Highway Beautification Program as policymaking exempt by determining that the Highway Beautification Program was a division of DOT. The Highway Beautification Program was listed as a "section and unit" of the institution/division headed by the Assistant Secretary for Administration prior to a departmental reorganization, and afterwards the Director reported directly to the Deputy Secretary of Highways. However, the record does not show that the program was a division of DOT and an organization chart does not list the program as a division. The evidence also does not show that the program functioned as a principal subunit of a department as specified in N.C.G.S. § 143B-3(6).

**Am Jur 2d, Public Officers and Employees §§ 15, 20.**

**2. Public Officers and Employees § 43 (NCI4th)— policymaking exempt position—Director of Highway Beautification Program—decision-making authority**

The State Personnel Commission erred in an action arising from the designation of petitioner's job as Director of the Highway Beautification Program as policymaking exempt where there was no substantial evidence to support the conclusion that petitioner had decision-making authority of such scope as would enable her to make or impact policies on a department-wide, agency-wide, or division-wide level at DOT. Petitioner's primary function was to oversee litter prevention programs and to make decisions regarding these programs only.

**Am Jur 2d, Public Officers and Employees § 19.**

Appeal by respondent from order entered 6 September 1995 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 9 September 1996.

**POWELL v. N.C. DEPT. OF TRANSPORTATION**

[124 N.C. App. 542 (1996)]

*Broughton, Wilkins, Webb & Sugg, P.A., by R. Palmer Sugg, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Grayson G. Kelley, Associate Attorney General Robert O. Crawford, III, and Associate Attorney General Melanie Lewis Vtipil, for respondent-appellant.*

LEWIS, Judge.

Both this case and a companion case, *North Carolina Department of Transportation v. Glenn I. Hodge, Jr.* (COA95-1329) (opinions filed simultaneously), raise the issue of whether the Governor properly designated certain State employee positions as "policymaking" under N.C. Gen. Stat. section 126-5.

Beginning in August 1989, Betsy Johnson Powell was employed by the N.C. Department of Transportation ("DOT") as the Director of the Highway Beautification Program ("HBP"). On 3 May 1993, then Secretary of the DOT, Sam Hunt, notified Powell that her position would be designated policymaking exempt effective 17 May 1993. On 21 May 1993, the Secretary of the DOT notified Powell that she was fired from her position effective 28 May 1993.

On 25 May 1993, Powell filed a petition for a contested case hearing in the Office of Administrative Hearings challenging the designation of her position as policymaking exempt. After the hearing, Senior Administrative Law Judge Fred G. Morrison, Jr. recommended that the designation be upheld. On 20 September 1994, the State Personnel Commission ("Commission") agreed and upheld the designation of Powell's position as policymaking exempt. Powell petitioned for judicial review. On 6 September 1995, Judge Donald W. Stephens reversed the Commission's decision. The DOT appeals.

The DOT contends that Judge Stephens erred by reversing the Commission's decision on the grounds that Powell's position was properly designated as policymaking exempt. Judge Stephens ruled that there was no competent evidence to support the Commission's conclusion that her position was vested with the authority to impose the final decision on any department-wide, agency-wide, or division-wide course of action. We agree.

N.C. Gen. Stat. section 126-5(d)(1) of the State Personnel Act permits the Governor to designate as exempt "policymaking positions"

in certain departments, including the DOT. When a position is so designated, the employee holding the position is not afforded certain protections otherwise provided to state employees in Chapter 126 of the General Statutes. *See* G.S. § 126-5(c)(3). N.C. Gen. Stat. section 126-5(b) defines a "policymaking position" as "a position delegated with the authority to impose the final decision as to a settled course of action to be followed within a department, agency, or division." G.S. § 126-5(b) (1995).

**[1]** A key issue here is whether, at the time Powell's position was designated as policymaking, the HBP was a "division" of the DOT, a principal state department under N.C. Gen. Stat. section 143B-6. The term "division" is not defined in the State Personnel Act. However, it is defined in the Executive Organization Act, N.C. Gen. Stat. section 143B-1 *et. seq.*, as "the principal subunit of a principal State department." G.S. § 143B-3(6) (1993).

The Commission determined that, after February 1993, the HBP was a division of the DOT. After review, we conclude that Powell preserved her objection to this determination and that it is not supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Henderson v. N.C. Dep't of Human Resources*, 91 N.C. App. 527, 530-31, 372 S.E.2d 887, 889-90 (1988).

Prior to February 1993, the HBP was listed as a "section and unit" of the institution/division headed by the Assistant Secretary for Administration. The record shows that, in March 1993 after a departmental reorganization, the Director of the HBP reported directly to the Deputy Secretary of Highways. However, it does not show that the HBP was a division of the DOT. An organizational chart in effect in March 1993 identifies the "Division of Highways" and the "Division of Motor Vehicles" but does not list the HBP as a "division." The record evidence also does not show that the HBP functioned as a "principal subunit" of a department as specified in the G.S. section 143B-3(6) definition of "division." *See* G.S. § 143B-3(6).

**[2]** A second key issue is whether there is substantial record evidence to support the Commission's conclusion that Powell, as Director of the HBP, had the authority to impose the final decision as to a settled course of action to be followed within a department, agency, or division as is required for designation of her position as "policymaking." We conclude that there is not.

Since Powell's position was designated policymaking exempt in May 1993, we examine the characteristics of the position as of that time. The record shows that, as of May 1993, Powell's primary function as Director of the HWP was to oversee the litter prevention programs including the Adopt-A-Highway Program and to make decisions regarding these programs only. There is no substantial evidence to support the conclusion that she had decision-making authority of such scope as would enable her to make or impact policies on a department-wide, agency-wide, or division-wide level at the DOT. Accordingly, the trial court did not err by reversing the Commission's decision.

Given our disposition of this issue, we need not address Powell's First Amendment argument or her cross-assignment of error.

Affirmed.

Judges JOHNSON and WYNN concur.